(October 22, 1984)

■ Arc Plumbing & Heating Corporation, Respondent, v Allan Pullman, Appellant. — In an action, *inter alia,* to recover the value of materials and labor supplied to defendant by plaintiff, defendant appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated February 7, 1984, which, after a traverse hearing, denied his motion to dismiss plaintiff's complaint on the ground of lack of personal jurisdiction and granted plaintiff's cross motion to dismiss this affirmative defense.

Order affirmed, with costs.

At a traverse hearing, the only witness who testified was Frank Euvino, a deputy sheriff of the Bergen County (New Jersey) Sheriff's Department. Euvino testified that in June, 1978, he received a summons and complaint in the instant action from the Sheriff of Bergen County. He attempted to serve defendant at the latter's home on June 15, 1978, at 9:30 A.M. Euvino rang the front doorbell, identified himself and announced the purpose of his visit to a person behind the door who stated that defendant was not at home. The person behind the door never identified himself or herself, and the door was never opened.

After four subsequent and similarly unsuccessful attempts, the witness returned the papers to the Sheriff's office and requested substituted service. That office then contacted plaintiff's attorney and ascertained that it should proceed with substituted service. On July 11, 1978, Euvino affixed a copy of the summons and complaint to defendant's door. A copy of each document was mailed to defendant six days later.

In his affidavit in support of a motion to dismiss the complaint for lack of personal jurisdiction, defendant did not deny that he had received the summons and complaint in the mail nor did he deny that a copy of each had been affixed to his door. Under these circumstances, we agree with the finding of Special Term that service was proper. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.